IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LISA M. V., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:23-cv-688-JTA |
| ) | (WO) |
| MICHELLE KING, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Lisa V. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI") and claim for a period of disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's memorandum in support of her Complaint (Doc. No. 13) as a motion for summary judgment and the Commissioner's memorandum in support of the Commissioner's decision as a motion for summary judgment (Doc. No. 14). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 9, 10.)

---

[1] Michelle King became the Acting Commissioner of Social Security on January 20, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

After careful scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I. PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult[3] female with a high school education and no past relevant work. (R. 283, 293, 1121.)[4] She alleged a disability onset date of January 5, 2017. (R. 61, 76, 1111.) Plaintiff alleged disability due to depression, anxiety, personality disorder, and post-traumatic stress disorder. (R. 76, 282.)

In February 2018, Plaintiff protectively filed a Title II application (42 U.S.C. §§ 401, *et seq*.) for a period of disability and DIB, and a Title XVI application (42 U.S.C. §§ 1381, *et seq*.) for SSI. (R. 248, 251.) The applications were denied initially and upon reconsideration. (R. 61–73, 75–87, 89–101, 103–115.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's request for benefits in a decision dated August 24, 2020. (R. 21.) The Appeals Council denied review. (R. 1.) Plaintiff subsequently filed suit in the United States District Court for the District of New Jersey.[5] (R. 1167.)

---

[3] Plaintiff was 26 years old at the alleged disability onset date. (R. 1122.)

[4] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 8.)

[5] Plaintiff previously resided in New Jersey, but now lives in Alexander City, Alabama, which is within the Middle District of Alabama. (Doc. No. 1 at 2.) Thus, the court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

On August 17, 2022, the Honorable Brian R. Martinotti vacated the ALJ's decision and remanded the case to the Commissioner for further proceedings. (R. 1180.) The Appeals Council remanded the case to the ALJ, who held a hearing on April 28, 2023. (R. 1131, 1181.) Following the hearing, the ALJ determined Plaintiff had not been disabled and denied her request for benefits on September 25, 2023. (R. 1123.) Plaintiff did not appeal the ALJ's decision, nor did the Appeals Council initiate its own review. Thus, on November 25, 2023, the ALJ's decision became the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.984(c)–(d), 416.1484(c)–(d) ("Any time within 60 days after the date of the hearing decision, the Appeals Council may decide to assume jurisdiction of your case even though no written exceptions have been filed. . . . If no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand.").

On November 29, 2023, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 13, 14, 15.) This matter is ripe for review.

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than

3

a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158–59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.     STANDARD FOR DETERMINING DISABILITY

An individual who files an application for DIB and SSI must prove that she is disabled.[6] *See* 20 C.F.R. §§ 404.1505, 416.912(a). The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 405.1505(a), 416.920(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920(a). The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.920(a), 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must

---

[6] Although DIB and SSI are separate programs, the standards for determining disability are identical.  *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. §§ 404.1520(d), 416.909(d).

When assessing mental impairments at steps two and three, the ALJ must complete a Psychiatric Review Technique ("PRT") which rates the degree of functional limitations in four broad categories: "[u]nderstand, remember or apply information; interact with others; concentrate, persist or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(a)–(c)(3); *see also Moore v. Barnhart*, 405 F.3d 1208, 1213–1214 (11th Cir. 2005); *Hines-Sharp v. Commissioner of Social Security*, 511 F. App'x 913, 915 (11th Cir. 2013). These four categories are called the paragraph B criteria. 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 1200(E). The ALJ must incorporate the results of this technique into his findings and conclusions. *Moore*, 405 F.3d at 1213–1214; *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 n. 1 (11th Cir. 2011).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.920(f). If the ALJ finds that the claimant is unable to perform past

relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. §§ 404.1520(g)(1), 416.920(e).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1560(c), 416.920(g). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c), 416.912(g), 416.960(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel*, 631 F.3d at 1180.

## IV.  ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 1114.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: status-post stroke in 2021, major depressive disorder, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), and personality disorder. (*Id*.) At the third step, the ALJ concluded Plaintiff has a moderate limitation with concentrating, persisting, or maintaining pace. (R. 1115.) Nevertheless, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that

meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 1114.)

After consideration of the record, the ALJ determined Plaintiff has the RFC to perform unskilled,[7] light work, stating, in pertinent part,

> [Plaintiff] is able to understand, remember and carry out simple instructions. [She] is also restricted to work involving few work place changes and occasional decision making. In addition, she can have occasional interaction with supervisors, but cannot work in tandem with coworkers and can have no interaction with the public.

(R. 1116, 1121.) In determining the RFC, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms are "not entirely consistent" with the medical evidence and other evidence of record. (R. 1117.)

Though Plaintiff has no past relevant work, the ALJ determined there are a significant number of jobs in the national economy Plaintiff can perform. (R. 1121–1122.) During the hearing, the ALJ posed the following hypothetical to a VE:

> Let's assume a person, same age, education, work experience as the claimant. . . . Let's say able to understand, remember, and carry out simple instructions. Restricted to work involving few workplace changes and occasional decision making. Let's add can have occasional interaction with supervisors. Cannot work in tandem with coworkers and can have no interaction with the public for the purposes of performing work-related tasks.

(R. 1153–1154.) The ALJ then posed a second hypothetical, stating

---

[7] Unskilled work is "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. §§ 404.1568(a), 416.968(a). Unskilled work includes "[u]nderstanding, remembering, and carrying out simple instructions," making "simple work-related decisions," and "dealing with changes in a routine work setting." Social Security Ruling 96-9p, 61 Fed. Reg. 34478-01 (July 2, 1996).

8

> Okay, hypothetical two. Same restrictions as hypothetical one, but now let's say light work, standing and/or walking for four hours out of an eight-hour day, occasional climbing of ramps and stairs, never climbing ladders, ropes or scaffolds. Let's say occasional balance, stoop, kneel, crouch, never crawl, and must avoid all exposures to hazards such as machinery and heights.

(R. 1154-1155.) Based on the VE's testimony, the ALJ determined Plaintiff could perform the requirements of three representative occupations, including final inspector, hand picker, and assembler. (R. 1122.)

The ALJ further concluded Plaintiff had not been under a disability from January 5, 2017, to September 25, 2023, the date of the ALJ decision. (R. 1123.) The ALJ found that based on the application for a period of disability, DIB, and SSI, Plaintiff is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (*Id.*)

## V.   DISCUSSION

Plaintiff presents one argument in this appeal. (Doc. No. 13 at 1.) Plaintiff argues the ALJ's RFC determination is unsupported by substantial evidence because he failed to account for Plaintiff's moderate limitations in concentration, persistence, and pace found in the PRT. (*Id.*) Plaintiff argues because the ALJ's RFC determination does not account for her PRT limitations, the hypothetical posed to the VE was insufficient, and thus the ALJ's finding of non-disability is not supported by substantial evidence. (*Id.* at 9.)

The Commissioner responds the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace when crafting the RFC. (Doc. No. 14 at 5.) The Commissioner avers the hypothetical posed to the VE incorporated all limitations in the RFC and, thus, the VE's testimony constitutes substantial evidence supporting the ALJ's decision. (*Id.*)

9

Plaintiff replies the ALJ failed to provide the logical bridge to reconcile the moderate limitations found at step two and the adopted RFC. (Doc. No. 15 at 1–2.)

### A. RFC Determination

The RFC assesses the claimant's remaining ability to do work despite her impairments and any related symptoms. 20 C.F.R. § 404.1545(a)(1). When assessing a claimant's RFC, the ALJ must consider "all impairments, severe and non-severe." *Schink*, 935 F.3d at 1268 (citing *Bowen v. Heckler*, 748 F.2d 629, 634–35 (11th Cir. 1984)).[8] The ALJ determines RFC "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3).[9]

Here, the ALJ's RFC determination is supported by substantial evidence. The ALJ noted Plaintiff suffered severe impairments, including depression, anxiety, personality, disorder, and PTSD. (R. 1117.) State agency consultants determined Plaintiff had severe mental impairments with mild to moderate paragraph B criteria. (R. 1119.) The ALJ found this conclusion persuasive and supported by evidence. (R. 1119–1120.) Nonetheless, the ALJ determined Plaintiff could perform unskilled work. (R. 1121.) As the ALJ noted, Plaintiff's mental impairments stabilized when Plaintiff took prescribed medication. (R.

---

[8] Plaintiff contends the regulations explicitly state that the results of the PRT must be considered during the RFC determination. (Doc. No. 13 at 9.) However, the regulations make no such statement. *See* 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3). The regulations make clear "the PRT and RFC determinations are undeniably distinct." *Winschel*, 631 F.3d at 1180 (stating that "nothing precludes the ALJ from considering the results of the [PRT] in his determination of the [RFC].").

[9] Although the ALJ does not need to discuss every piece of evidence, he must consider the claimant's "medical condition as a whole." *Dyer*, 395 F.3d at 1211; *see also* 20 C.F.R. § 404.1523(c) and Social Security Ruling 96-8p.

393, 520, 1464, 1473, 2026, 2121.) With exception of occasional anxious and depressed moods, Plaintiff's mental status exams were generally unremarkable and showed fair insight and judgment. (R. 448, 522, 529, 535, 541, 548–49, 1016–1018, 1460, 1463, 1472, 1475, 1802.) Plaintiff frequently reported in mental status exams that she had no difficulties learning a new task or taking care of her household and only mild to moderate difficulty with day-to-day work/school. (R. 515, 518, 525, 531, 537, 544.) In addition, Plaintiff reported she could tend to her personal care, prepare meals, engage in household chores, shop for necessities over the phone, and care for her children. (R. 301–306, 1121.) Thus, there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff could perform unskilled work.

### B. Hypotheticals Posed to the VE

During step five, the ALJ determines whether significant numbers of jobs exist in the national economy that the claimant can perform. *Hale*, 831 F.2d at 1011. If the ALJ relies on the testimony of a VE, the ALJ must pose a hypothetical which includes all of the claimant's impairments. *Winschel*, 631 F.3d at 1180. If, during step two, the ALJ determines the claimant has moderate limitations in maintaining concentration, persistence, and pace, the ALJ must include the PRT limitations in his hypothetical question to the VE. *Id*. at 1181. Failure to do so renders the ALJ's step-five determination unsupported by substantial evidence. *Id*. However, if the medical evidence demonstrates a claimant can engage in simple, routine tasks or unskilled work, then limiting the hypothetical to include only unskilled work sufficiently accounts for the PRT limitations. *Id*.; *See also Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 846 (11th Cir. 2017) (holding that limiting the

claimant's RFC to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace when the medical evidence showed she could perform simple, routine tasks); *Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 712 (11th Cir. 2015) ("An ALJ may account for [limitations in concentration, persistence, or pace] by limiting the hypothetical to unskilled work when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work[.]" (quotations omitted)).

Here, the ALJ did not mention Plaintiff's PRT limitations in his hypotheticals to the VE. Nevertheless, the ALJ accounted for Plaintiff's PRT limitations when he limited the hypotheticals posed to the VE to unskilled work. The ALJ's hypotheticals specifically included a person who is "able to understand, remember, and carry out simple instructions. Restricted to work involving few workplace changes and occasional decision making." (R. 1153-1154 (hypotheticals one and two).) These restrictions meet the requirements for unskilled work. *See* Social Security Ruling 96-9p.

Furthermore, as discussed above, there is substantial medical evidence showing Plaintiff could perform unskilled work despite her PRT limitations.[10] While the ALJ did not explicitly state such a conclusion, he thoroughly examined the medical record before determining that limiting Plaintiff to unskilled work would "fully accommodate her mental health symptomatology." (R. 1121.) In support of this determination, the ALJ cited medical

---

[10] Although Plaintiff argues the ALJ provided no discussion of her PRT limitations past step two (Doc. No. 13 at 14), the ALJ acknowledged Plaintiff's PRT limitations in his RFC determination when he found persuasive a state agency report that determined Plaintiff had mild to moderate paragraph B criteria. (R. 1119.) The ALJ further discussed Plaintiff's difficulties with concentration while assessing the opinions of two treating physicians. (R. 1120.)

records from 2017–2022 that showed Plaintiff's mental status exams were generally unremarkable with the exception of occasional anxious and depressed moods. (R. 1118–1120.) The ALJ pointed out that these mental status exams also showed normal speech; intact thought process; full orientation; and intact associations, judgment, insight, memory, concentration, language, and fund of knowledge. (R. 1118.) The ALJ noted that multiple medical records reported Plaintiff responded well to prescribed mental health medication and treatment. (R. 1118–1120.) Because the medical evidence demonstrates Plaintiff can engage in unskilled work, the ALJ limiting the hypotheticals to unskilled work sufficiently accounted for Plaintiff's PRT limitations. Accordingly, the Court finds no reversible error.

## VI.   CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 13) is DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 14) is GRANTED.

3. The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 27th day of January, 2025.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE